532 A.2d 948

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Charles H. Soder, Jr., Appellee.

Submitted on briefs March 23, 1987, to Judges MACPHAIL, COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, *Henry G. Barr,* General Counsel, for appellant.

*William J. Hain,* for appellee.

OPINION BY JUDGE BLATT, October 28, 1987:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Erie County (trial court) which reversed DOT's suspension of the operating privileges of Charles H. Soder, Jr. (appellee). DOT had suspended the appellee's operating privileges for driving during a period of suspension, a violation of Section 1543 of the Vehicle Code, 75 Pa. C. S. §1543.

The trial court found that the appellee had been involved in an automobile accident on April 21, 1968. To pay for the damages, he worked out a monthly payment schedule with the Erie Insurance Exchange (EIE). In December 1969 the appellee moved to Ohio and stopped making payments, and EIE filed a judgment against him on February 17, 1970. He later filed for bankruptcy in Ohio, listing EIE as a creditor, and, he received a discharge in bankruptcy on September 7, 1970. On September 30, 1970, DOT suspended the

appellee's driving privileges because he had not satisfied the outstanding judgment, which was to remain in effect until the judgment was satisfied. On March 31, 1984, while in Pennsylvania, the appellee was stopped for a traffic violation, and, after a hearing, a District Justice found him guilty. He was then also cited for driving while his operating privileges were suspended. Upon receiving the District Justice's certification of the conviction, DOT instituted the present suspension.

The trial court sustained the appellee's appeal based on the following reasoning:

> Mr. Soder's driver's license was properly suspended for non-payment of the civil judgment. However, when he received the discharge in bankruptcy, the judgment should have been considered satisfied pursuant to the "fresh start" doctrine of the Bankruptcy Code, and, therefore, the suspension lifted. With no prior suspension, Mr. Soder could not, as a matter of law, be found guilty of driving under suspension, and could not be subject to a license revocation procedure.
>
> . . .

DOT argues that permitting an adjudication of bankruptcy to be a defense in its license suspension action is allowing a collateral attack upon the underlying merits of the criminal conviction. We agree.

While the appellee argues, in essence, that the DOT action discriminated against him in violation of federal law because of his status as a bankrupt individual,[1] this argument misses the point. His status as a bankrupt individual might well have been a valid defense to his ini-

---

[1] The appellee attached to his brief a copy of an order purportedly adjudicating him as bankrupt. That order does not appear in the record certified to this Court and, hence, is not before us in evidence. *See* Pa. R.A.P. 1921.

tial suspension. And clearly, if the initial suspension were wrongful, then he may not have been driving in March 1984 under a suspended license. This defense, however, clearly goes to the merits of the criminal conviction and is not properly raised in the context of DOT's civil proceeding. We have repeatedly held this to be the case. *See e.g. Department of Transportation, Bureau of Traffic Safety v. Grobes,* 45 Pa. Commonwealth Ct. 151, 405 A.2d 588 (1979). Again we must state that, where DOT suspends a license pursuant to a mandatory provision in the Vehicle Code, the relevant inquiry is not whether or not the licensee should have been convicted, but whether or not he *was,* in fact, convicted. *See Department of Transportation, Bureau of Traffic Safety v. Adams,* 53 Pa. Commonwealth Ct. 636, 419 A.2d 233 (1980); *Grobes.*

We also note that no notice of the appellee's Ohio bankruptcy adjudication was ever filed in Pennsylvania. Due to our disposition of this case, however, we need not address the appellee's contention that he was under no obligation to have it filed, and that EIE should have notified DOT of the bankruptcy adjudication. Furthermore, even if the appellee was not precluded from collaterally attacking the merits of the underlying criminal conviction here, the trial court would still have erred in reversing DOT's suspension because our review of the complete record certified to us indicates that there was no evidence presented to the trial court which would have indicated that there was, in fact, an Ohio bankruptcy adjudication.[2]

---

[2] The only evidence in the record concerning the bankruptcy adjudication was a statement by the appellee's attorney to the effect that he possessed a copy of such adjudication. Obviously, an unverified statement by an attorney does not constitute substantial evidence upon which to base a reversal.

Accordingly, the proceeding in this matter in no way discriminated against the appellee. He simply raised his bankruptcy defense in the wrong forum and in the wrong proceeding. Further, were DOT *not* to suspend his license upon receipt of a notice of conviction, *that action* would be discriminatory.

We will, therefore, reverse the order of the trial court and reinstate the DOT suspension.

## ORDER

AND NOW, this 28th day October, 1987, the order of the Court of Common Pleas of Erie County in the above-captioned matter is reversed and the Department of Transportation's suspension of Charles H. Soder's driving privileges is reinstated.