563 A.2d 993

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Gretta Marie HEETER, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 21, 1989.

Decided Sept. 13, 1989.

Harold H. Cramer, Asst. Chief Counsel, with him, John L. Heaton, Chief Counsel, for appellant.

No appearance for appellee.

Before CRUMLISH, Jr., President Judge, and PALLADINO (P.) and SMITH, JJ.

PALLADINO, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Court of Common Pleas of Crawford County (trial court) which reversed DOT's suspension of the vehicle operating privileges of Gretta Marie Heeter (Appellee). For the reasons that follow, we reverse.

Appellee was cited on June 23, 1988 for violation of Section 6308 of the Crimes Code.[1] On June 27, 1988,

1. 18 Pa. C.S. § 6308 states in pertinent part as follows:

Appellee pleaded guilty and paid the fine plus costs assessed for the offense. As a result of this conviction, pursuant to Section 6310.4 of the Crimes Code [2], Appellee was notified on August 11, 1988 by DOT that her vehicle operating privileges were being suspended for a period of 90 days.

On appeal to the trial court, the Appellee argued that she had not knowingly or intentionally transported alcohol but that she was an innocent passenger in a car that had beer in the trunk. Also, Appellee argued that, because the law regarding license suspension was new and the district justice told her that he did not know any more about the new law than she did, her guilty plea was uninformed. The trial court sustained Appellee's appeal because "[n]either defendant nor the District Justice or Appellee was fully cognizant of the ramifications of said plea due to the enactment of the suspension legislation less than a month previous to the event." [3]

It is clear that in a license suspension appeal the only issues are whether the licensee was in fact convicted

**§ 6308 Purchase, consumption, possession or transportation of liquor or malt or brewed beverages**
**(a) Offense defined.**—A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages, as defined in section 6310.6 (relating to definitions).

2. 18 Pa.C.S. § 6310.4 in pertinent part provides:
 **(a) General rule.**—Whenever a person is convicted ... of section ... 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) ... the court, including a court not of record if it is exercising jurisdiction pursuant to 42 Pa.C.S. § 1515(a) (relating to jurisdiction and venue), shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation.
 **(b) Duration of suspension.**—When the department suspends the operating privilege of a person under subsection (a), the duration of the suspension shall be as follows:
 (1) For a first offense, a period of 90 days from the date of suspension....

3. *Department of Transportation v. Heeter*, (No. A.D. 1988–797, filed February 15, 1989), slip op. at 5.

and whether DOT has acted in accordance with applicable law. *Department of Transportation, Bureau of Traffic Safety v. Valentine,* 71 Pa.Commonwealth Ct. 8, 453 A.2d 742 (1982). The underlying criminal conviction may not be challenged in a suspension appeal, which is civil in nature. *Department of Transportation, Bureau of Traffic Safety v. Calloway,* 60 Pa.Commonwealth Ct. 647, 432 A.2d 322 (1981). When the motorist becomes aware that he is going to lose driving privileges as a result of paying a fine, his only remedy is to seek allowance of an appeal nunc pro tunc from that summary conviction. *Department of Transportation, Bureau of Driver Licensing v. Ra,* 109 Pa.Commonwealth Ct. 279, 530 A.2d 1046 (1987).

 Here, the trial court improperly examined the facts underlying Appellee's conviction. The record established that Appellee was convicted of violating Section 6308. Section 6310.4 mandates a 90 day license suspension and this was communicated to Appellee by mail on August 11, 1988. We conclude that DOT has acted in accordance with the law.

Accordingly, we reverse.

## ORDER

AND NOW, September 13, 1989, the order of the Court of Common Pleas of Crawford County is reversed and the Department of Transportation's Order of a 90 day suspension of Gretta Marie Heeter's vehicle operating license is reinstated.