579 A.2d 1027

COMMONWEALTH of Pennsylvania, DEPARTMENT OF
TRANSPORTATION, BUREAU OF DRIVER
LICENSING, Appellant,

v.

James SUNY, Jr., Appellee.

Commonwealth Court of Pennsylvania.

Submitted June 28, 1990.

Decided Sept. 12, 1990.

David R. White, Asst. Counsel, with him, Harold H.
Cramer, Asst. Chief Counsel, and John L. Heaton, Chief
Counsel, for appellant.

W. Russell Carmichael, Lang & Carmichael, Media, for
appellee.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

CRAIG, President Judge.

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Court of Common Pleas of Delaware County, which reversed DOT's suspension of the vehicle operating privileges of James Suny, Jr. We reverse.

The sole issue in this case is whether the suspension of vehicle operating privileges under Crimes Code section 6310.4, 18 Pa.C.S. § 6310.4,[1] is invalid when a district justice does not inform a motorist of the civil consequences of acceptance into a preadjudication program for violating the related under-age-alcohol provisions of the Crimes Code.

The trial court found that, on September 23, 1988, Suny, then under 21 years of age, was arrested and charged with violating section 6308(a) of the Crimes Code, 18 Pa.C.S. § 6308(a).[2] Later that day, a district justice informed Suny that he could respond to the charge by entering a guilty plea, a not guilty plea or by enrolling in a preadjudication program.

The district justice further informed Suny that, if he successfully completed the preadjudication program, all

**1.** Section 6310.4 provides:

(a) General rule.—Whenever a person is convicted or is adjudicated delinquent or is admitted to any preadjudication program for a violation of section ... 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) ... the court, ... shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation.

(b) Duration of suspension.—When the department suspends the operating privilege of a person under subsection (a), the duration of the suspension shall be as follows:

(1) For a first offense, a period of 90 days from the date of suspension....

**2.** Section 6308(a) states that "[a] person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages as defined in section 6310.6 (relating to definitions)."

charges against him would be dismissed. Suny enrolled in and successfully completed the preadjudication program.

On March 15, 1989, DOT, pursuant to section 6310.4, suspended Suny's vehicle operating privileges for ninety days.

Suny appealed DOT's decision to the trial court contending that, because he successfully completed the preadjudication program, DOT's suspension of his operating privileges violated his constitutional due process rights.

The trial court, after conducting a hearing, sustained Suny's appeal. The trial court concluded that the district justice erred by denying Suny the opportunity to make a knowing, willing and intelligent decision with regard to his post-arrest options, specifically, the preadjudication program. Further, the trial court stated that the district justice's action—recommending the preadjudication program without informing Suny that his license would be suspended—"offends the sense of fair play of the court."

DOT now appeals the trial court's decision, contending that the district justice did not have an obligation to inform Suny that his driver's license would be suspended.

In *Brewster v. Department of Transportation*, 94 Pa. Commonwealth Ct. 277, 279, 503 A.2d 497, 498 (1986), this court addressed the similar issue of whether "due process requires that the appellant should have been warned in a criminal proceeding of the civil implications of entering into an ARD program." The court held that due process does not require that a motorist be warned in a criminal proceeding of the civil implications of entering an ARD program.

This court in *Brewster* concluded that the suspension of vehicle operating privileges can be a collateral consequence of any disposition of a criminal proceeding related by law to a driver's license suspension or revocation.

We said "acceptance of an ARD program constitute[s] a conscious choice of an alternative to prosecution and a knowing waiver of the right to prove innocence or risk conviction by defending oneself at trial." *Brewster*, 94

Pa.Commonwealth Ct. at 279 n. 2, 503 A.2d 497–98 n. 2, citing *Department of Transportation, Bureau of Traffic Safety v. McDevitt*, 57 Pa.Commonwealth Ct. 589, 427 A.2d 280 (1981), *aff'd per curiam* 500 Pa. 532, 458 A.2d 939 (1983).

In the present case, the district justice offered to dismiss all charges against Suny if Suny enrolled in and completed a preadjudication program. Because Suny's acceptance of the preadjudication program constitutes a "conscious choice of an alternative to prosecution," the acceptance of the preadjudication program as an alternative has the same affect as accepting the ARD program in *Brewster*. Therefore, based on this court's decision in *Brewster*, due process does not require that Suny be warned in the criminal proceeding of the civil implications of entering a preadjudication program.

Suny asserts that, because the district justice "offered an alternative to the normal disposition of this type case", he "did not enter a preadjudication program as set forth under 18 Pa.C.S. § 6310.4." However, there is no dispute that Suny entered a preadjudication program for violating section 6308 of the Crimes Code.

Section 6310.4 specifies that "[w]henever a person is convicted or is adjudicated delinquent or *is admitted to any preadjudication program* ... for violation of Section 6308, the court, ... shall order the operating privilege of the person suspended." (Emphasis added.)

Because section 6310.4 mandates the suspension of operating privileges even when a licensee completes a preadjudication program, the trial court committed an error of law in reinstating Suny's operating privileges.

Accordingly, we reverse the decision of the Common Pleas Court of Delaware County and reinstate the ninety-day suspension of Suny's motor vehicle operating privileges.

## ORDER

NOW, September 12, 1990, the order of the Court of Common Pleas of Delaware County, dated November 13, 1989, at No. 89–04982, is reversed, and the Department of Transportation's order of a ninety-day suspension of Suny's vehicle operating license is reinstated.

CRUMLISH, Jr., Senior Judge.

I concur in this decision because we are bound by *Brewster* to reach this result. However, that decision, in which I joined, is in my judgment poor precedent and should be reconsidered.

In an admittedly different context than that of this case, police are required to give explicit warnings about the civil consequences of refusing a blood alcohol test when a person is arrested for DUI. Our Supreme Court has admonished: "This state of affairs is ... fraught with pitfalls for the arrestee *who is not trained to recognize the difference between a civil or criminal investigation....*" *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 252, 555 A.2d 873, 877 (1989) (emphasis added).

The same pitfalls lay ahead of Suny, appearing before the district justice on the day of his arrest, when he was notified: "If you satisfactorily complete the course, there will be no prosecution and no Summary Trial. There will be no fine or Court Costs, the Citation against you will be discharged and there will be no record of a summary conviction." Letter of September 23, 1988, Appellant's Exhibit A.

If police are required to give information about the civil consequences of a test refusal so that refusal may be knowing and conscious, *id.*, 521 Pa. at 252, 555 A.2d at 877, then it should be incumbent upon a district justice to provide similar information about entering pre-adjudication programs in the dispositional phase of a criminal proceeding. It must be remembered that Suny was not charged

with an infraction of the Vehicle Code or criminal offense involving a vehicle.

While I recognize the differences between this case and *O'Connell*, the situations are parallel and should compel a similar procedure.