607 A.2d 815

Ian M. DUFFEY, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1991.

Decided April 13, 1992.

Shelley Stark, Chief of Appellate Div., for appellant.

Timothy P. Wile, Asst. Counsel–in–Charge of Appellate Section, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

McGINLEY, Judge.

Ian M. Duffey appeals from an order of the Court of Common Pleas of Allegheny County that dismissed his appeal of a ninety-day suspension of his operating privileges imposed by the Department of Transportation (DOT). On June 7, 1990, Duffey, then age twenty, was cited for "purchase, consumption, possession or transportation of liquor or malt beverages" in violation of Section 6308(a) of the Crimes Code, 18 Pa.C.S. § 6308(a).[1] His plea of guilty was entered on June 12, 1990. On June 27, 1990, the district justice certified Duffey's conviction to DOT and signed an order directing DOT to suspend Duffey's operating privileges in accordance with Section 6310.4 of the Crimes Code, 18 Pa.C.S. § 6310.4.[2] By official notice dated

1. Section 6308(a) provides:
 A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages ....

2. Section 6310.4, entitled "Restriction of operating privileges," provides in pertinent part:
 (a) **General rule.**—Whenever a person is convicted or is adjudicated delinquent or is admitted to any preadjudication program for a violation of section 6307 (relating to misrepresentation of age to secure liquor or malt or brewed beverages), 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) or 6310.3 (relating to carrying a false identification card), the court, including a court not of record if it is exercising jurisdiction pursuant to 42 Pa.C.S. § 1515(a) (relating to

July 24, 1990, DOT notified Duffey that his driving privileges were to be suspended for a period of ninety days.

Duffey filed a statutory appeal of the suspension with the Court of Common Pleas of Allegheny County (common pleas court). A hearing was held, at which Duffey, represented by a public defender, filed a motion to withdraw his plea of guilty to the Section 6308 charge. He asserted that, because he was not informed before pleading guilty that he would be subject to a mandatory suspension of his operating privileges, his plea was invalid. The common pleas court dismissed Duffey's appeal on the basis that the challenge constituted a collateral attack on the criminal conviction, and it could not be raised in the context of a challenge to the license suspension. Duffey filed a notice of appeal in Superior Court. DOT filed a motion to transfer the appeal to Commonwealth Court, and, by order dated May 7, 1991, the Superior Court granted the motion.

On appeal, Duffey contends that his license suspension is an illegal criminal sentence because the suspension pursuant to Section 6310.4 is a criminal penalty that must be explained to the defendant before he pleads guilty and must be imposed by the court at sentencing.[3]

> jurisdiction and venue), shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation.
>
> **(b) Duration of suspension.**—When the department suspends the operating privilege of a person under subsection (a), the duration of the suspension shall be as follows:
>
> (1) For a first offense, a period of 90 days from the date of suspension.
>
> (2) For a second offense, a period of one year from the date of suspension.
>
> (3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple sentences imposed shall be served consecutively.

3. Duffey also argues that the suspension was an illegal sentence because it was not imposed by a court order but rather by DOT. By a previous ruling on a motion to suppress filed by Duffey, we have held that the record includes a copy of a completed DOT Form DL–21C(5–88), entitled "Report of a Court Ordering the Suspension of Operating Privileges as the Result of a Violation of Chapter 63 of Title 18." On that form "18 Pa.C.S. § 6308" is checked as the violation committed

 This court has held consistently that a licensee may not collaterally challenge the underlying conviction for a criminal violation of the Vehicle Code [4] in the civil license suspension appeal proceeding. *Department of Transportation v. Soder*, 110 Pa.Commonwealth Ct. 492, 532 A.2d 948 (1987). The only issues properly raised in civil license suspension cases are whether the licensee was convicted and whether DOT acted in accordance with law. *Martino v. Commonwealth*, 116 Pa.Commonwealth Ct. 200, 541 A.2d 425 (1988). More recently, we have applied this same principle to appeals from license suspensions imposed pursuant to Section 6310.4 of the Crimes Code. *See, e.g., Department of Transportation, Bureau of Driver Licensing v. Heeter*, 128 Pa.Commonwealth Ct. 480, 563 A.2d 993 (1989) (licensee's remedy, when he becomes aware that he is going to lose driving privileges pursuant to Section 6310.4, is to seek allowance of an appeal nunc pro tunc from the summary conviction). However, the present case squarely confronts us with a claim that the license suspension pursuant to Section 6310.4 for conviction of various underage drinking offenses is not a collateral civil consequence of that conviction but rather is the criminal penalty itself.

Section 6310.4 is found in the Crimes Code, Title 18 of the Pennsylvania Consolidated Statutes.[5] All other license suspensions over which this court exercises appellate jurisdic-

and "Conviction" is checked as the disposition. A box marked "Order of Court" and signed by the district justice states:

AND NOW, HAVING MADE THE ABOVE RECORDED DISPOSITION, IN ACCORDANCE WITH THE MANDATORY PROVISIONS OF 18 PA.C.S. § 6310.4(a), THIS COURT ORDERS THAT THE OPERATING PRIVILEGE OF THIS PERSON BE SUSPENDED. A COPY OF THIS ORDER IS TO BE FORWARDED TO THE DEPARTMENT OF TRANSPORTATION IN ORDER THAT THE SUSPENSION CAN BE RECORDED IN ACCORDANCE WITH THE PROVISIONS OF 18 PA.C.S. § 6310.4(b).

Supplemental Reproduced Record at 3b. However, a copy of this document was not sent to Duffey.

4. 75 Pa.C.S. §§ 101–9910.

5. The legislature enacted § 6310.4 in the Act of March 25, 1988, P.L. 262, which is titled in part, "An Act amending Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statutes ... further providing for offenses relating to alcohol."

tion are imposed pursuant to provisions of the Vehicle Code, Title 75. Section 6310.4(a) provides that whenever a person is convicted of committing various underage drinking offenses (or is adjudicated delinquent or is admitted to a preadjudication program for such an offense), "[T]he court . . . shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation." Section 6310.4(b) specifies the periods of suspension that DOT shall impose, including a mandatory ninety-day suspension for a first offense, which is what is involved in this case.

Section 762 of the Judicial Code, 42 Pa.C.S. § 762, establishes the jurisdiction of this court over appeals from the courts of common pleas and provides in part:

(a) **General rule.**—[T]he Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

. . . .

(2) Governmental and Commonwealth regulatory criminal cases.—All criminal actions or proceedings for the violation of any:

. . . .

(ii) Regulatory statute administered by any Commonwealth agency subject to Subchapter A of Chapter 5 of Title 2 (relating to practice and procedure of Commonwealth agencies). *The term 'regulatory statute' as used in this subparagraph does not include any provision of Title 18 (relating to crimes and and offenses.* (Emphasis added.)

We recognize this court's appellate jurisdiction involving criminal offenses defined in regulatory statutes such as The Clean Streams Law,[6] and we have assumed appellate jurisdiction over closely related charges under the Crimes Code when they are based upon the existence of a crime over which the court has jurisdiction, such as charges of conspiracy to commit a crime defined in The Clean Streams Law.

6. Act of June 22, 1937, P.L.1987, *as amended,* 35 P.S. §§ 691.1 through 691.1001.

*See, e.g., Commonwealth v. Tyson,* 57 Pa.Commonwealth Ct. 569, 427 A.2d 283 (1981). However, Section 762(a)(2)(ii) carves out and precludes our jurisdiction over appeals involving convictions of substantive, non-regulatory crimes and penalties set forth in the Crimes Code.

Section 6310.4 mandates that a driver's license suspension be imposed on anyone under the age of twenty-one who misrepresents his age to secure alcoholic beverages (Section 6307), purchases, consumes, possesses or transports such beverages (Section 6308) or carries a false identification card (Section 6310.3). Of those offenses, only the transporting of alcoholic beverages involves conduct that might involve a motor vehicle—all of the other offenses do not. Section 6308, under which licensee Duffey was charged, provides in subsection (b):

> **Penalty.**—In addition to *the penalty imposed pursuant to section 6310.4 (relating to restriction of operating privileges),* a person convicted of violating subsection (a) may be sentenced to pay a fine of not more than $500 for the second and each subsequent violation. (Emphasis added.)

Sections 6307 and 6310.3 contain similar language indicating that license suspension is the "penalty imposed pursuant to section 6310.4 ...." By the plain language of these provisions, the license suspension under § 6310.4 is a criminal "penalty" the same as a monetary fine.

Further, Section 6310.4 specifies that *the court* shall order the suspension, not DOT. Although DOT performs the *act* of suspending the license, the court *orders* the suspension as the result of conviction of an enumerated offense, whether or not the offense is related to the operation of a motor vehicle. These provisions indicate that the legislature intended a license suspension to be the *direct consequence* (i.e., the criminal penalty itself) of a conviction of an enumerated offense, rather than a collateral effect.[7]

7. In the portion of DOT's brief containing the argument that it complied with applicable law, DOT emphasizes that the court *ordered* the suspension and DOT, upon receipt of a copy of the order, *imposed*

In the course of the debate in the House of Representatives on the bill that became § 6310.4 (and a proposed amendment that would have limited the penalty to a suspension of thirty days if a motor vehicle were not involved in the conduct giving rise to the criminal charge) a question was raised as to the constitutionality of the proposed act and the amendment. One Member of the House said, "I do not see how it is constitutional for you to take a person's driver's license when it is not involved in a crime that he is committing ...." 1987 Legislative Journal—House 1821 (statement of Rep. Letterman). The Speaker immediately directed that the question of constitutionality be decided on the floor by a vote of the House. After debate, the House vote reflected that the majority believed the bill was constitutional. *Id.* at 1826. These proceedings indicate that the legislature intended to mandate a license suspension as the direct penalty for certain alcohol-related offenses, regardless of whether a vehicle was involved.[8]

In *Department of Transportation, Bureau of Driver Licensing v. Suny*, 134 Pa.Commonwealth Ct. 651, 579 A.2d 1027 (1990), this court considered the question of whether a license suspension under Section 6310.4 is valid when a district justice does not inform a motorist that acceptance into a preadjudication program for violating under-age alcohol provisions of the Crimes Code will result in a license suspension. Prior to *Suny*, in *Brewster v. Department of*

the suspension. Brief for Appellee at 10–11. In the portion aimed at refuting the licensee's distinction between a suspension pursuant to Section 6310.4 and that mandated by statutes found in the Vehicle Code, DOT emphasizes that it *imposes* the suspension, and "[t]he criminal court merely orders the Department to impose the suspension." *Id.* at 20.

8. As a general rule, the remarks of individual legislators in debate on the floor of the House or the Senate may not be relied upon in ascertaining legislative intent because they represent only one person's view and not that of a proposing body or an enacting body. *Zemprelli v. Thornburgh*, 47 Pa.Commonwealth Ct. 43, 58, 407 A.2d 102, 109 (1979); *Nemacolin, Inc. v. Department of Environmental Resources*, 115 Pa.Commonwealth Ct. 462, 541 A.2d 811 (1988). However, the vote of the entire House on a challenge to the constitutionality of a bill represents a formal proceeding of the entire body that is different from the remarks of an individual in the course of debate.

*Transportation,* 94 Pa.Commonwealth Ct. 277, 503 A.2d 497 (1986), the court held that due process does not require that a licensee be warned in a criminal proceeding of the civil implications of entering into an Accelerated Rehabilitative Disposition (ARD) program. We concluded in *Suny* that the acceptance of the preadjudication program under § 6310.4 constituted a conscious choice of an alternative to prosecution and a knowing waiver of the right to trial. Similar to *Brewster,* we held that due process does not require that the licensee be warned in the criminal proceeding of the civil implications of entering the program.

In *Brewster* the licensee accumulated three convictions for vehicle-related offenses enumerated in Section 1542 of the Vehicle Code, 75 Pa.C.S. § 1542, relating to habitual offenders, and DOT revoked his license for five years under the provisions of that section. One of the licensee's offenses had been disposed of by his participation in an ARD program. The licensee contended that he had been deprived of due process because he was not informed when he made the decision to accept the ARD program that it would count as an offense for purposes of the habitual offender statute if he later were convicted of additional offenses. This court rejected the licensee's argument, noting that the ARD program is part of the parallel criminal proceeding, Pa. R.Crim.P. 175 through 185, but a license revocation is a civil proceeding. We stated that a license suspension "is a consequence, civil in nature, whose imposition has been vested in an administrative agency over which the criminal judge had no control and for which he had no responsibility." *Brewster,* 94 Pa.Commonwealth Ct. at 280, 503 A.2d at 498. We noted that courts consistently have held that a trial court's failure to inform a criminal defendant of potential collateral consequences does not invalidate a guilty plea, and we concluded that the same principle should apply to acceptance by a defendant of an ARD program. *Id.,* 94 Pa.Commonwealth Ct. at 280–81, 503 A.2d at 498. *See Commonwealth v. Wellington,* 305 Pa.Superior Ct. 24, 451 A.2d 223 (1982) (A resident alien's plea of guilty to a charge

of retail theft, second offense, was not invalidated by failure of the judge at the plea colloquy to inform her that the plea could subject her to deportation, citing *Michel v. United States*, 507 F.2d 461 (2d Cir.1974).); *Michel* (A resident alien's plea of guilty to a federal drug charge was not invalid under Fed.R.Crim.P. 11, requiring that it be made with an understanding of the consequences of the plea, because the court was obligated only to ascertain that the consequences of the sentence it imposed were understood. "Deportation here ... was not the sentence of the court which accepted the plea but of another agency over which the trial judge has no control and for which he has no responsibility." 507 F.2d at 465.).

As the express terms of Sections 6308 and 6310.4 and the legislative history illustrate, a license suspension under Section 6310.4 is *not* the act of an administrative agency over which the judge in the criminal court has no control and for which he or she has no responsibility. Rather, under this section the judge or district justice *orders* DOT to suspend the license (for conviction of a crime that may be wholly unrelated to the Vehicle Code), and DOT must comply with the order by suspending the license. There is no independent exercise by DOT of its administrative powers. This procedure is unique and is unlike any suspension provided for in the Vehicle Code. Therefore, unlike the situation presented in *Brewster*, a license suspension under Section 6310.4 may not properly be characterized as a collateral civil consequence of the criminal conviction, and the analogy to *Brewster* upon which we relied in *Suny* was incorrect. There has never been any "civil" aspect to this case.

Section 762(a)(3) of the Judicial Code, 42 Pa.C.S. § 762(a)(3), provides for secondary review by this court over appeals from Commonwealth agencies that may be taken initially to the courts of common pleas under Section 933 of the Judicial Code, 42 Pa.C.S. § 933. That section establishes jurisdiction in the courts of common pleas over appeals from final orders of Commonwealth agencies in cases including "*[d]eterminations* of the Department of Transpor-

tation appealable under the following provisions of Title 75 (relating to vehicles): ... Section 1550 (relating to judicial review)." 42 Pa.C.S. § 933(a)(1)(ii) (emphasis added). Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550, provides that any person whose license has been suspended by DOT shall have a right of appeal to the court vested with jurisdiction of such appeals by the Judicial Code. However, as discussed above, Duffey's license suspension pursuant to Section 6310.4 in no sense involved a "determination" by DOT.

Duffey's circumstances illustrate the through-the-looking-glass procedural effects of failing to acknowledge the plain intent of the legislature to make the license suspension the direct criminal penalty for underage drinking offenses. Here, the criminal defendant was offered the opportunity to plead guilty, but he was not informed that the statute mandates a license suspension. This may occur even where a defendant appears before a court or district justice rather than simply pleading guilty on a citation form. *See Suny,* noted above.

Upon Duffey's conviction, the district justice ordered that the defendant's license be suspended, but that order was sent to DOT, not to the defendant, who therefore had no reason to file an appeal. After the appeal period for the criminal conviction ran the defendant eventually learned from DOT, for the first time, that his license was to be suspended. The defendant employed the standard method of appealing a license suspension, a statutory appeal pursuant to 75 Pa.C.S. § 1550. In that proceeding he moved to withdraw his guilty plea nunc pro tunc on the grounds that it was uninformed, only to be told that the court lacked jurisdiction to entertain such a motion "collaterally attacking" the criminal conviction in the "civil" license suspension proceeding. This procedure was not unusual and in fact appears to be the standard method of operation in this kind of case.

The defendant, maintaining that his loss of license is a direct criminal penalty, appealed to Superior Court, which

has jurisdiction over appeals from most criminal convictions, *see* Section 742 of the Judicial Code, 42 Pa.C.S. § 742, but Superior Court transferred the case to this court because it involves a civil license suspension appeal. If this court were to reject the defendant's claims on the grounds of collateral attack and inform him that his only remedy is to seek allowance of appeal nunc pro tunc from the court of common pleas, we would be endorsing the extraordinary result that a criminal defendant's right to appeal his conviction and sentence may be exercised only by way of a possible appeal nunc pro tunc, perhaps months after the original conviction.

Acknowledging and giving effect to the legislative intent eliminates all of these problems. The guilty plea, even to a charge of a summary offense initiated by the issuance of a citation, must be made "voluntarily and understandingly." Pa.R.Crim.P. 59. For that to be the case, *all* of the direct penalties must be explained on the citation form or by the court before whom the defendant appears, not merely the possible monetary penalty. *Commonwealth v. Leonhart,* 358 Pa.Superior Ct. 494, 517 A.2d 1342 (1986), *petition for allowance of appeal denied,* 515 Pa. 620, 531 A.2d 428 (1987); *Commonwealth v. Reagan,* 348 Pa.Superior Ct. 589, 502 A.2d 702 (1985). Upon the defendant's conviction, following a plea of guilty or a trial, the court or district justice must impose the mandatory sentence and order suspension of the defendant's license, but the court may not omit notice to the defendant of the sentence. *Compare* Pa.R.Crim.P. 84(d), relating to trial in the defendant's absence in summary cases: "If the defendant is found guilty, the issuing authority shall impose sentence, and shall notify the defendant of the conviction and sentence by first class mail."

The exclusive means for appealing from a summary conviction is provided by Pa.R.Crim.P. 86, which provides in part: "(a) [A]n appeal shall be perfected by filing a notice of appeal within thirty (30) days after the conviction or other final order from which the appeal is taken." With notice of

the conviction and sentence, the defendant can timely appeal his conviction to the court of common pleas and raise any defenses that he has in a trial de novo before the court on the criminal conviction. Pa.R.Crim.P. 86(f). Further, any appeal must be taken to the Superior Court, for the proper exercise of its appellate jurisdiction over criminal convictions for offenses set forth in Title 18 of the Consolidated Statutes.

Although we believe this matter should have remained with the Superior Court, the actions of the parties have perfected appellate jurisdiction in our court. *See* Pa.R.A.P. 741(a) (jurisdiction in an appellate court perfected if the appellee fails timely to object, unless the court orders otherwise, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court). When the district justice accepted Duffey's guilty plea to the criminal offense of underage possession of alcoholic beverages, without first informing him of the mandatory criminal penalty of license suspension, that was a violation of his right to due process, which, at a minimum, invalidates the plea. Also, the imposition of the criminal penalty of license suspension without notice of the sentence and the failure to advise of any right to appeal the criminal conviction pursuant to Pa.R.Crim.P. 86 constitute further violations of due process. These violations render the sentence of license suspension imposed upon Duffey invalid, and they warrant the sustaining of his appeal.

The principle that we must recognize is that a license suspension imposed pursuant to 18 Pa.C.S. § 6310.4 is the mandatory criminal sentence upon conviction of underage drinking, and a defendant must be afforded all normal criminal procedural protections in relation to that sentence, including *notice* that suspension will result before a plea of guilty may be valid, *notice* at the time of conviction and sentencing that a suspension will be imposed and *notice* to the defendant of his right to appeal from the conviction and sentence pursuant to the Rules of Criminal Procedure. We must overrule our prior decisions in *Suny* and *Heeter*

because they hold that this court will entertain appeals filed under 75 Pa.C.S. § 1550 from license suspensions imposed pursuant to Section 6310.4. Our jurisdiction may be invoked in these suspensions only on the narrowest of grounds (e.g., a claim that a person who received a notice of suspension from DOT is not the same person who was convicted of the underage drinking offense).

PALLADINO, J., dissents.

## ORDER

AND NOW, this 13th day of April, 1992, the order of the Court of Common Pleas of Allegheny County at No. SA 2475-90, dated November 21, 1990, is reversed, and the appeal of Ian M. Duffey from his driver's license suspension is sustained.

PELLEGRINI, Judge, concurring.

I concur with the majority's reversal of the license suspension, but disagree with its reasoning that this is an appeal from the illegal imposition of a penalty in a criminal case properly appealable to the Superior Court. Because this is a statutory appeal of an administrative action of the Pennsylvania Department of Transportation's (PennDot) suspension of a driver's license, this appeal is properly before this court.

The facts that underlie this appeal are as follows: Ian M. Duffey (Duffey), then age 20, was charged by the Commonwealth under Section 6308(a) of the Crimes Code, 18 Pa.C.S. § 6308(a), with underage drinking. When charged, he received a non-traffic citation which, in accordance with the instructions contained on the reverse side, allowed him to plead guilty by mailing in the fine and costs specified to the magistrate. Pursuant to those instructions, Duffey pled guilty by signing in the space provided on the citation, and, together with a check for the fine and costs, mailed it back

to the district justice.[1] The district justice accepted the plea and the matter, as far as the criminal prosecution involved, was over.

Unbeknownst to Duffey, the district justice then completed PennDot Form DL–21C (5–88) titled "Report of Court Ordering the Suspension of Operating Privileges As a Result of a Violation of Chapter 63 of Title 18".[2] As part of that report, there is a pre-printed block containing a proposed order of court stating that the operating privileges of licensee be suspended in accordance with the provisions of Section 6310.4 of the Crimes Code, 18 Pa.C.S. § 6310.4, that is to be signed as part of completing the report. Duffey, prior to pleading guilty or at any relevant time, never received notice that he was subject to such a penalty or that such an order was going to be or had been entered.

1. The procedure to plead guilty in summary cases is set forth in Rule 59 of the Pa.R.Crim.Pro.

2. Footnote 2 appears on page 295.

**2.** The following is a copy of PennDot Form DL–21C (5–88) filed by the district justice in this case:

| | REPORT OF A COURT ORDERING THE SUSPENSION OF OPERATING PRIVILEGE AS THE RESULT OF A VIOLATION OF CHAPTER 63 of TITLE 18 *(Please type)* | DISTRICT COURT Allegheny 05-2-28 |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| Duffey | Iah | M | | 23-010-401 PA |
| 828 East Hutchinson | | | | |
| Edgewood Pittsburgh | PA | 15218 | | 4 · 30 · 70 |

**VIOLATION INFORMATION**

| DATE OF VIOLATION | | | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|
| MONTH | DAY | YEAR | MONTH | DAY | YEAR |
| 6 | 7 | 90 | 6 | 12 | 90 |

**VIOLATION COMMITTED:** (Please use a separate form for each charge)

(Check one)

☐ 18 PA C.S. §6307

☒ 18 PA C.S. §6308

☐ 18 PA C.S. §6310.3

**DISPOSITION:** (NOTE — IF SUMMARY APPEAL, INCLUDE DISTRICT JUSTICE DOCKET # MT-744-0 )

(Check one)

☒ **CONVICTION**

☐ **PREADJUDICATION DISPOSITION** (Including Consent Decrees)

☐ **ADJUDICATION OF DELINQUENCY**

**Order of Court**

AND NOW, HAVING MADE THE ABOVE RECORDED DISPOSITION, IN ACCORDANCE WITH THE MANDATORY PROVISIONS OF 18 PA. C.S. §6310.4(a), THIS COURT ORDERS THAT THE OPERATING PRIVILEGE OF THIS PERSON BE SUSPENDED. A COPY OF THIS ORDER IS TO BE FORWARDED TO THE DEPARTMENT OF TRANSPORTATION IN ORDER THAT THE SUSPENSION CAN BE IMPOSED IN ACCORDANCE WITH THE PROVISIONS OF 18 PA. C.S. §6310.4(a).

BY THE COURT

BY _____

THE UNDERSIGNED CERTIFIES THAT THE FOREGOING IS A CERTIFIED RECORD OF THE ORDER OF COURT MANDATED UNDER THE PROVISIONS OF 18 PA. C.S. §6310.4(a).

SEAL

Clerk of Court, Assistant Court Judge, District Justice Date Certified

| DEPARTMENT USE ONLY | |
|---|---|
| County Code | |
| Court # | 05 228 |
| Court Term | |
| Viol. Date | 060790 |
| Disp. Date | 061290 |
| Viol. Code | 6308 |
| Return Date | |
| Method | |

LICENSE DRIVER
JUL 0 3 1990
Enforcement
07/03/1990

SEND THIS FORM TO: Bureau of Driver Licensing, P.O. Box 2253, Harrisburg, Pennsylvania 17105-2253.

ADDITIONAL SUPPLIES OF THIS FORM MAY BE SECURED BY COMPLETING FORM OS-511A.

Duffey contends that since he pled guilty to pay only the fine and costs, the acceptance of his plea by the Commonwealth precludes imposition of any additional penalty, and, therefore, PennDot has no justification to suspend his license. PennDot contends that what Duffey is attempting to do is collaterally attack the criminal conviction which must be raised in a motion to set aside a guilty plea and may not be raised in the license suspension appeal.

While PennDot argues that the impropriety of the additional penalty must be raised in the criminal conviction which has nothing to do with the license suspension proceeding, the mandatory order upon which it relies is contained on a PennDot Form Report which PennDot provides to district justices, and which, for all intents and purposes, initiates the license suspension proceeding. PennDot, a stranger to the criminal action, initiated, caused and is responsible for the issuance of the order, thereby depriving Duffey the "bargain" the Commonwealth offered through the guilty plea procedure as authorized by Pa.R.Crim.Pro. 59. For all practical purposes, the order in question was not part of the criminal proceeding between Duffey and the Commonwealth, but part of PennDot's license suspension proceeding.

Separate and apart from the violation of Duffey's due process rights by modifying the penalty without notifying him that such a penalty could be imposed and not notifying him at any relevant time that such an order was issued, the district justice had no jurisdiction to increase the penalty once the guilty plea was accepted, imposing only a fine and costs. When a district justice accepts a guilty plea and sentence is imposed as prescribed in the Rules of Criminal Procedure, he or she is also divested of any authority to impose any additional penalty and any such imposition is a nullity. Because it is a nullity, then no valid order exists imposing a penalty suspending Duffey's license, and because such a requirement is necessary to meet the statutory mandates contained in Section 6308 of the Crimes Code, Duffey's appeal must be sustained.

SMITH, Judge, dissenting.

The principle that a licensee may not collaterally attack an underlying criminal conviction in civil license suspension proceedings has been firmly established. To conclude, as the Majority does, that this principle is inapplicable to the factual scenario presented in the case sub judice misapprehends that appeals from a license suspension are civil in nature. *Department of Transportation, Bureau of Traffic Safety v. Calloway,* 60 Pa.Commonwealth Ct. 647, 432 A.2d 322 (1981). Moreover, accepting as legally accurate the premise that the license suspension imposed against Duffey represented the criminal penalty itself, the significance of the collateral attack rule becomes even more paramount. Where a licensee wishes to challenge his or her criminal conviction, the remedy is to seek allowance of an appeal nunc pro tunc. *See Department of Transportation, Bureau of Driver Licensing v. Weniger,* 136 Pa.Commonwealth Ct. 603, 584 A.2d 394 (1990); *Commonwealth v. Liptak,* 392 Pa.Superior Ct. 468, 573 A.2d 559 (1990); and *Commonwealth v. Bassion,* 390 Pa.Superior Ct. 564, 568 A.2d 1316 (1990).

In a recent Supreme Court decision, *Commonwealth v. Bursick,* 526 Pa. 6, 584 A.2d 291 (1990), the Court stated that it is improper in a collateral civil proceeding for an appellant to "impugn the validity of the criminal conviction," citing *Johnson v. Commonwealth,* 68 Pa.Commonwealth Ct. 384, 449 A.2d 121 (1982). In addition, the Supreme Court stated that "allegations by appellant [a minor] that he did not know that by paying a fine to a magistrate that he was pleading guilty to the offense and that he was not knowledgeable about the legal ramifications of pleading guilty are not within the proper realm of this proceeding." *Id.* 526 Pa. at 11–12, 584 A.2d at 294.

A litany of cases decided by this Court reiterate the "no collateral attack" rule in civil proceedings challenging a license suspension. *See Department of Transportation, Bureau of Driver Licensing v. Heeter,* 128 Pa.Commonwealth Ct. 480, 563 A.2d 993 (1989); *Radice v. Department*

*of Transportation, Bureau of Traffic Safety,* 118 Pa.Commonwealth Ct. 627, 545 A.2d 1005 (1988) (and cases collected therein); *Department of Transportation, Bureau of Traffic Safety v. Bailey,* 116 Pa.Commonwealth Ct. 312, 541 A.2d 1167 (1988); *Department of Transportation, Bureau of Driver Licensing v. Ra,* 109 Pa.Commonwealth Ct. 279, 530 A.2d 1046 (1987); *Hillwig v. Department of Transportation,* 105 Pa.Commonwealth Ct. 456, 524 A.2d 1058 (1987). Thus, the position taken by the Majority deviates from established case law; further, that the license suspension resulted from a summary conviction for underage drinking under Section 6308(a) of the Crimes Code, 18 P.C.S. Section 6308(a), is of no moment. Therefore, this Court should not overrule established precedent in this area. Duffey's remedy is to seek an appeal nunc pro tunc from the underlying conviction.