628 A.2d 1179

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Timothy S. CASSIDY.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 21, 1993.

Decided July 8, 1993.

Reargument Denied Aug. 30, 1993.

Timothy P. Wile, Asst. Counsel In–Charge of Appellate Section, for appellant.

Joseph M. Devecka, for appellee.

Before McGINLEY, PELLEGRINI and KELLY, JJ.

McGINLEY, Judge.

The Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Blair County (common pleas court) that sustained the appeal of Timothy Cassidy (Cassidy) from a ninety-day suspension of his driver's license. We affirm the common pleas court.

Cassidy was charged with being in possession of a small amount of marijuana in violation of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[1] Cassidy was charged with a violation of Section 13(a)(31)(i) of the Drug Act on June 6, 1990. On November 26, 1991, Cassidy entered a negotiated plea of guilty in return for a promise by the district attorney that a penalty of fifteen-to-thirty days' imprisonment and a fine of no more than $500.00 would be recommended to the criminal court. The criminal court accepted Cassidy's

---

1. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101—780–144. Section 13(a)(31)(i) of the Drug Act, 35 P.S. § 780–113(a)(31)(i), prohibits the possession of small amounts of marijuana for personal use.

guilty plea, sentenced Cassidy to fifteen-to-thirty-days' imprisonment and imposed a fine and costs. Cassidy was not informed by the sentencing court that his conviction would result in a mandatory ninety-day suspension of his operating privileges under Section 13(m) of the Drug Act, 35 P.S. § 701–113(m). Cassidy did not appeal his sentence.

On March 4, 1992, the common pleas court clerk sent a certification of conviction to DOT, which established that Cassidy had been convicted of violating Section 13(a)(31)(i) of the Drug Act. By official notice dated and mailed April 9, 1992, DOT notified Cassidy that his operating privileges were scheduled to be suspended for ninety days, pursuant to Section 13(m) of the Drug Act. On May 11, 1992, Cassidy filed an appeal from the notice of suspension with the common pleas court. The common pleas court sustained Cassidy's appeal on the basis of this Court's decision in *Duffey v. Department of Transportation, Bureau of Driver Licensing,* 147 Pa.Commonwealth Ct. 280, 607 A.2d 815 (1992). It is from this decision that DOT now appeals.

■ In its appeal, DOT contends that the common pleas court erred as a matter of law when it held that the criminal court was required to inform a Drug Act defendant of the operating privilege suspension mandated by Section 13(m) of the Drug Act as a pre-condition to a valid plea of guilty. DOT argues that the operating privilege suspension imposed by the Drug Act is *not* a direct penalty for Cassidy's crime, but a collateral civil consequence, knowledge of which is not required for a guilty plea to be knowing and voluntary.[2]

Section 13(m) of the Drug Act, by virtue of which Cassidy's operating privileges were suspended, as it existed on the date of Cassidy's suspension[3], read as follows:

**2.** *See Commonwealth v. Wellington,* 305 Pa.Superior Ct. 24, 451 A.2d 223 (1982) (failure of judge to inform resident alien at plea colloquy that plea of guilty to charge of retail theft, second offense, could subject her to collateral civil consequence of deportation did not invalidate the plea).

**3.** The Act of April 14, 1992, P.L. 30, § 1, amended Section 13(m) so that the duration of an operating privilege suspension imposed for a

(m) Notwithstanding any other provision in this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, *in addition to any other penalty provided for in this or any act, upon conviction for a violation of this act, shall have his or her operating privilege suspended.* The clerk of any court of this Commonwealth, within ten days after final judgment of conviction for violations of this act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation. When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:

(1) For a first offense, a period of 90 days from the date of the suspension.

(2) For a second offense, a period of one year from the date of suspension.

(3) For a third offense, and any other offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively. (Emphasis added.)

DOT alleges that the statutory scheme by which the suspension is imposed under the Drug Act differs markedly from the statutory scheme in which an operating privilege suspension was imposed under *Duffey,* and consequently the common pleas court erred in relying upon *Duffey* to sustain Cassidy's suspension.

In *Duffey,* this Court considered a case where DOT suspended a licensee's operating privilege pursuant to 18 Pa.C.S. § 6310.4 subsequent to his conviction of an underage drinking offense, specifically a violation of 18 Pa.C.S. § 6308(a) prohibiting the attempt to purchase, the actual purchase, the consumption, the possession or the knowing transportation of liquor or malt beverages by persons under age twenty-one. Although the licensee pled guilty to the underage drinking

first violation of the Drug Act is now six months, as opposed to ninety days.

violation, he had not been informed at the time of his plea that his license would be suspended under 18 Pa.C.S. § 6310.4 upon DOT's receipt of notice of his conviction. We recognized the principle that a license suspension pursuant to 18 Pa.C.S. § 6310.4 is a mandatory criminal sentence upon conviction of underage drinking, and a defendant must be afforded all normal criminal procedural protections in relation to that sentence, including notice that suspension will result before a plea of guilty is valid, notice at the time of conviction and sentencing that a suspension will be imposed and notice to the defendant of his right to appeal from the conviction and sentence pursuant to the Rules of Criminal Procedure. *Duffey*, 147 Pa.Commonwealth Ct. at 292, 607 A.2d at 821.

Our conclusion that suspension under 18 Pa.C.S. § 6310.4 is a criminal penalty was based partly upon the language of 18 Pa.C.S. § 6308, under which the licensee was sentenced, and which provides in subsection (b):

> *Penalty.*—In addition to *the penalty imposed pursuant to section 6310.4 (relating to restriction of operating privileges)* a person convicted of violating subsection (a) may be sentenced to pay a fine of not more than $500 for the second and each subsequent violation. (Emphasis added.)

After noting that Section 6307 and 6310.3, relating to misrepresenting one's age to secure alcoholic beverages and carrying a false identification card, respectively, contained similar language referring to the "penalty" imposed by Section 6310.4, we stated, "By the plain language of these provisions, the license suspension under § 6310.4 is a criminal 'penalty' the same as a monetary fine." *Duffey*, 147 Pa.Commonwealth Ct. at 286, 607 A.2d at 817–18. We also noted that Section 6310.4 does not authorize DOT to suspend by any independent exercise of administrative powers but that DOT only has the authority to suspend operating privileges under this section by judicial order. *Id.* at 289, 607 A.2d at 819.

DOT contends that the *Duffey* rationale is not applicable to this case because our conclusion that the suspension there was a criminal penalty stemmed from the "peculiar" wording of 18 Pa.C.S. § 6310.4 and the fact that the suspension is imposed

directly by the criminal court as a part of the criminal sanction. DOT maintains that it was erroneous for the common pleas court to apply the *Duffey* rationale to this case, where the criminal court does not order the suspension but sends a report of the conviction to DOT, which then issues the suspension.

We reject this argument and conclude that the common pleas court correctly determined that the license suspension pursuant to Section 13(m) of the Drug Act is the direct criminal penalty for conviction of a Drug Act offense. An analysis of the language of Section 13(m) of the Drug Act and related materials demonstrates that this was the intent of the legislature. The heading of Section 13 is "Prohibited Acts; Penalties," and the title of the Act of December 22, 1989, P.L. 701, No. 92, which added subsection (m), is "An act amending [the Drug Act], providing that a conviction *for any violation involving possession or delivery of a controlled substance will result in a mandatory driver's license suspension*." [4]

More importantly, the language of Section 13(m) itself provides that "in addition to any *other penalty* provided in this or any other act, upon conviction for violation of this act, [a person] shall have his or her operating privileges suspended," and also directs the clerk of courts to send to DOT a record of any conviction "for violations of this act *requiring suspension under this subsection*." (Emphasis added.) The plain language of Section 13(m) identifies license suspension as a penalty; in addition, the other penalties in the Drug Act are criminal penalties, and there is nothing to suggest that the license suspension is distinguishable.

■ We are not persuaded by DOT's argument that the criminal court does not *order* the suspension under 13(m). As originally enacted, Section 13(m) provided, "A copy of the

---

4. Section 1924 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1924, provides, "The title and preamble of a statute may be considered in construction thereof.... The headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute shall not be considered to control but may be used to aid in the construction thereof."

court order shall be transmitted to [DOT]," language similar to the provision of 18 Pa.C.S. § 6310.4 that "the court . . . shall order the operating privilege of the person suspended." Section 13(m) was amended by the Act of December 17, 1990, P.L. 747, to substitute the provision requiring the clerk of any court to send notice to DOT of the conviction within ten days in place of this provision. We conclude that the intent of the legislature was the same—the determination of conviction is by the court and is processed through the court's agent the clerk. The imposition of the mandatory suspension is not a discretionary act by DOT, but is uniformly imposed after and as a consequence of conviction of a particular crime. Failure to inform the licensee of this consequence prior to the plea is a violation of due process.

It is undisputed that Cassidy was not informed when he pled guilty to the Drug Act violation that this would lead to mandatory suspension of his operating privileges. Nor was this part of his sentence. The common pleas court was correct in determining that this situation is indistinguishable from that in *Duffey*. We affirm the common pleas court's order sustaining Cassidy's appeal.

## ORDER

AND NOW, this 8th day of July, 1993, the order of the Court of Common Pleas of Blair County in the above-captioned matter is affirmed.