610 A.2d 1092

Christopher A. PEACOCK, a minor, by Larry W. PEACOCK,
parent and natural guardian, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION, Appellee.

Joseph Richard YATTA, a minor, by Edward YATTA,
parent and natural guardian, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION, Appellee.

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1991.

Decided May 29, 1992.

John Sughrue, for appellants.

Timothy P. Wile, Asst. Counsel–In–Charge of Appellate Section, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

DOYLE, Judge.

Christopher Peacock and Joseph Richard Yatta (collectively, Licensees) appeal from orders of the Court of Common Pleas of Clearfield County which dismissed their appeals from notices of suspension of their operating privileges issued by the Department of Transportation (Department).

Licensees were convicted [1] for violating Section 6308(a) of the Crimes Code (Code), 18 Pa.C.S. § 6308(a), relating to the purchase, consumption, possession or transportation of liquor or malt or brewed beverages.[2]  By notices dated March 2, 1990, the Department notified Licensees of ninety (90) day

1. Peacock was convicted on February 7, 1990 and Yatta was convicted on February 6, 1990.

2. Section 6308(a) provides:
    (a) Offense defined.—A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages. . . .

suspensions of their driving privileges pursuant to Section 6310.4 of the Code, 18 Pa.C.S. § 6310.4.[3]

On April 2, 1990, Licensees filed statutory appeals of their suspensions with the Court of Common Pleas of Clearfield County. A de novo hearing was held on July 16, 1990, at which hearing the Department submitted certified records of Licensees' convictions for violating Section 6308 of the Code. Neither Licensee presented evidence or testimony at the hearing. Instead, counsel for Licensees requested permission to file a brief concerning the legality and constitutionality of Section 6310.4. The court permitted counsel to file a brief in support of the constitutional challenge.

By orders dated October 29, 1990, the common pleas court dismissed the appeals. Licensees filed exceptions to the Court's order which exceptions were dismissed on November 20, 1990. Timely appeals to this Court on November 28, 1990 followed.

Licensees raise three issues on appeal: (1) the mandatory suspension imposed by Section 6310.4 is a violation of substantive due process because it is not reasonably related to a

---

**3.** Section 6310.4. Restriction of operating privileges provides in pertinent part:

(a) **General rule.**—Whenever a person is convicted or is adjudicated delinquent or is admitted to any preadjudication program for a violation of section 6307 (relating to misrepresentation of age to secure liquor or malt or brewed beverages), 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) or 6310.3 (relating to carrying a false identification card), the court, including a court not of record if it is exercising jurisdiction pursuant to 42 Pa.C.S. § 1515(a) (relating to jurisdiction and venue), shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation.

(b) **Duration of suspension.**—When the department suspends the operating privilege of a person under subsection (a), the duration of the suspension shall be as follows:

(1) For a first offense, a period of 90 days from the date of suspension.

(2) For a second offense, a period of one year from the date of suspension.

(3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple sentences imposed shall be served consecutively.

rational state interest; (2) the suspension of operating privileges denies to persons under 21 years of age the equal protection of the law; and (3) the mandatory suspension of driving privileges under Section 6310.4 is an illegal sentence in violation of provisions of the Crimes Code and of the Sentencing Code.[4]

The legality of the sentence of license suspension was discussed in a recently filed opinion of this Court, *Duffey v. Department of Transportation, Bureau of Driver Licensing*, 147 Pa.Commonwealth Ct. 280, 607 A.2d 815 (1992). In that case, Duffey was cited for and entered a plea of guilty to a violation of Section 6308(a) of the Code. The district justice then certified his conviction to the Department and signed an order directing the Department to suspend Duffey's operating privileges pursuant to Section 6310.4 of the Code. Duffey ultimately appealed the suspension to this Court arguing that his license suspension was an illegal criminal sentence.[5]

In *Duffey*, we first determined that a license suspension imposed pursuant to Section 6310.4 was a direct criminal penalty for certain alcohol-related offenses and was not a collateral civil consequence of the criminal conviction. Further, we opined in *Duffey* that, in order for a guilty plea to be entered voluntarily and understandingly, all of the direct penalties must be explained to the defendant, not merely the possible monetary penalty. We also observed that, upon the defendant's conviction, following either a plea of guilty or a trial, the court or district justice must impose the mandatory sentence and order suspension of the defendant's license, but the court may not omit notice to the defendant of the sentence. *Duffey*, 147 Pa.Cmwlth. at ——, 607 A.2d at 820.

The Court then applied these principles to the facts in *Duffey*:

When the district justice accepted Duffey's guilty plea to the criminal offense of underage possession of alcoholic

4. 42 Pa.C.S. §§ 9701–9781, *as amended*.

5. Duffey originally filed a notice of appeal in the Superior Court. The Department then filed a motion to transfer the appeal to this Court, which motion was granted by the Superior Court.

beverages, without first informing him of the mandatory criminal penalty of license suspension, that was a violation of his right to due process, which, at a minimum invalidates the plea. Also, the imposition of the criminal penalty of license suspension without notice of the sentence and the failure to advise of any right to appeal the criminal conviction pursuant to Pa.R.Crim.P. 86 constitute further violations of due process. These violations render the sentence of license suspension imposed upon Duffey invalid, and they warrant the sustaining of his appeal.

*Duffey*, 147 Pa.Cmwlth. at ——, 607 A.2d at 820–821. This Court then went on to articulate what information must be provided to a defendant before his or her operating privileges may be suspended pursuant to Section 6310.4.

The principle that we must recognize is that a license suspension imposed pursuant to 18 Pa.C.S. § 6310.4 is the mandatory criminal sentence upon conviction of underage drinking, and a defendant must be afforded all normal criminal procedural protections in relation to that sentence, including *notice* that suspension will result before a plea of guilty may be valid, *notice* at the time of conviction and sentencing that a suspension will be imposed and *notice* to the defendant of his right to appeal from the conviction and sentence pursuant to the Rules of Criminal Procedure. (Emphasis in original.)

*Duffey*, 147 Pa.Cmwlth. at ——, 607 A.2d at 821. In the case before us, Licensees were not afforded any of these protections. They were not informed prior to the entry of their pleas of guilty that their operating privileges would be suspended, nor were they provided notice of their right to appeal from the conviction and sentence. We therefore hold that *Duffey* is controlling and that the violations of Licensees' due process rights require the sustaining of their appeals.[6] Ac-

6. In *Duffey*, we opined that the licensee's appeal of his license suspension under Section 6310.4 should have remained in Superior Court but, relying on Pa.R.A.P. 741(a), we concluded that the actions of the parties perfected appellate jurisdiction in this Court. In the case before us, the Department as the appellee, has not objected to the jurisdiction of this Court. We therefore conclude that we may properly exercise jurisdic-

cordingly, we reverse the orders of the Court of Common Pleas of Clearfield County.

PALLADINO and SMITH, JJ., dissent.

## ORDER

(Nos. 2517 C.D. 1990, 2518 C.D. 1990)

NOW, May 29, 1992, the order of the Court of Common Pleas of Clearfield County in the above-captioned matter is hereby reversed.

tion over this appeal pursuant to Pa.R.A.P. 741(a) which provides, in pertinent part: "The failure of an appellee to file an objection to the jurisdiction of an appellate court ... shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court."