637 A.2d 757

**COMMONWEALTH of Pennsylvania,**

v.

**Richard COX, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 3, 1993.

Decided Feb. 2, 1994.

590

Richard E. Cox, appellant, for himself.

Steve Linick, Asst. Dist. Atty., for appellee.

Before McGINLEY and PELLEGRINI, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Richard Cox appeals an order of the Court of Common Pleas of Philadelphia County, Criminal Division, denying Cox's application for return of property, one 1976 Cadillac Seville automobile, and granting a forfeiture of said property.

On May 31, 1990, Cox was convicted of several offenses, including robbery and conspiracy to commit robbery. His conviction was essentially predicated upon his having provided and driven a getaway car, his own 1976 Cadillac Seville, while an accomplice robbed a bank patron of cash at gunpoint. Following the robbery, Cox had contacted the police, alleging

he had been abducted at gunpoint by the accomplice and forced to participate in the crime. The police eventually arrested Cox and obtained his car in order to search for evidence. Several months after the robbery, a detective at the police garage signed a document authorizing the release of the car to Cox's wife, stating that "[t]he auto has been processed by the Crime Lab and is no longer needed." However, the car was never released.

On November 20, 1991, while incarcerated for his crimes, Cox filed a petition for return of property, seeking to have the Commonwealth release his car. After several hearings at which Cox was not present, the trial judge orally denied Cox's petition and granted a forfeiture. (Notes of Testimony (N.T.), October 14, 1992, p. 23). Cox appealed this order *pro se* to the Superior Court. The Commonwealth then filed a motion to transfer the appeal to this Court. The Superior Court granted the transfer motion.[1]

We first note our disagreement with the Commonwealth's characterization of the issues Cox presents here as a "smorgasbord of incomprehensible claims." To the contrary, while his brief is not a model in clarity, and contains some matter which at best is extraneous, the issues Cox presents are easily ascertained. In fact, the Commonwealth's brief addresses the merits of nearly every issue Cox raises. The Commonwealth also argues that Cox failed to preserve several issues for appeal. However, the substantial issues raised here by Cox, such as failure of the Commonwealth to request forfeiture and

1. Neither party objects to our jurisdiction. Therefore, we may properly exercise jurisdiction over this appeal pursuant to Pa.R.A.P. 741(a), which provides "[t]he failure of an appellee to file an objection to the jurisdiction of an appellate court ... shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court." *See also Peacock v. Commonwealth of Pennsylvania, Department of Transportation,* 148 Pa.Commonwealth Ct. 264, 610 A.2d 1092 (1992). Furthermore, under Pa.R.A.P. 741 and in the interest of judicial economy we will address the merits of a case even where we would otherwise have serious doubts about our jurisdiction. *Bukics v. Bukics,* 131 Pa.Commonwealth Ct. 496, 570 A.2d 1364 (1990).

failure to be afforded effective counsel, essentially concern alleged errors occurring in the trial court proceeding itself.

We agree with the Commonwealth's assertion that the procedure in this case is governed by Pa.R.Crim.P. 324, which provides in relevant part:

Rule 324. Motion for Return of Property

(a) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. Such motion shall be filed in the Court of Common Pleas for the judicial district in which the property was seized.

(b) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

It is not disputed that Cox is the sole lawful owner of the automobile in question. Therefore, the question becomes whether the trial court properly granted a forfeiture under section (b) of the Rule quoted above. *See Commonwealth v. Pomerantz*, 393 Pa.Superior Ct. 186, 573 A.2d 1149 (1989).[2]

 In defining "contraband," a distinction has been made between "contraband per se," property which is inherently illegal, and "derivative contraband," property which is itself legal but which is proven by the state to be the fruit of a criminal enterprise or used to perpetrate an unlawful act. *Commonwealth v. Anthony*, 418 Pa.Superior Ct. 82, 613 A.2d 581 (1992). The automobile in this case presumably falls into the latter category. In fact, most successful repossession actions will necessarily involve so-called derivative contraband, as it would obviously frustrate the law if a person could repossess illegal property. *Id.*

**2.** For an extended discussion of the history and policy of forfeiture law, see *Commonwealth v. One 1988 Ford Coupe*, 393 Pa.Superior Ct. 320, 574 A.2d 631 (1990), *petition for allowance of appeal denied*, 527 Pa. 631, 592 A.2d 1299 (1991).

■ There is no doubt that the car in question was used in the robbery for which Cox was convicted and, therefore, was used to perpetrate an unlawful act. However, as Cox argues, such property has traditionally only been forfeitable pursuant to statutory provision. *See, e.g.,* 42 Pa.C.S. § 6801, enacted by Act of June 30, 1988, P.L. 464, No. 79, which Act repealed and replaced Section 28 of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act),[3] 35 P.S. § 780–128; *see also* Section 601 of the Liquor Code,[4] 47 P.S. § 6–601. In this case, unlike other cases involving Rule 324 which this Court has reviewed and unlike almost all Pennsylvania cases involving forfeiture, there is no statutory authority for the forfeiture. The Commonwealth instead cites *Commonwealth v. Crosby,* 390 Pa.Superior Ct. 140, 568 A.2d 233 (1990)[5] in support of its proposition that the car was forfeitable under common law forfeiture. Indeed, the trial court relied on the *Crosby* decision in its opinion following its oral order. *Commonwealth v. Cox* (MR No. 91–916416, filed June 16, 1993). Cox maintains, as counsel representing him at the hearing argued, that there is no such doctrine of common law forfeiture.

While we are dubious of the position taken by the Commonwealth, as well as the trial court's conclusion, we need not decide whether *Crosby* supports the Commonwealth's position or whether common law forfeiture exists as a legally cognizable action in Pennsylvania. We do not reach these questions because we conclude that the Commonwealth was required to attempt to obtain a forfeiture in this case and, at best, its attempt was insufficient.

**3.** Act of April 14, 1972, P.L. 233 *as amended,* 35 P.S. §§ 780–101 to 780–144.

**4.** Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101 to 9–902.

**5.** *Crosby* involved a forfeiture of a person's truck as a condition of his probation. We note that the Superior Court held there that derivative contraband is not automatically forfeited. A trial court should ascertain such facts as whether a vehicle is jointly titled, whether it is the sole means of transportation of the family and what the transportation needs of the family are. *Id.,* 390 Pa.Superior Ct. at 153–156, 568 A.2d at 240–241. The trial court here considered only the first of these three factors.

The Commonwealth never sought a forfeiture of the car.[6] Instead, it argued the doctrine of common law forfeiture at the hearings before the trial judge.[7] However, there is no petition for forfeiture in the record or an oral motion for forfeiture in the transcript. The trial court in essence granted a forfeiture motion which did not exist. At the very least, then, as in the well reasoned *Pomerantz* decision, we would be compelled to vacate that portion of the order purporting to grant a forfeiture of Cox's property.

The Commonwealth nevertheless argues that a formal petition is only required under the former Drug Act provision and not under Pa.R.Crim.P. 324. It suggests that there is no case law supporting a contention to the contrary. However, the *Pomerantz* decision, which specifically interpreted a return of property action under Pa.R.Crim.P. 324, does not make the distinction advanced by the Commonwealth. We acknowledge that the Superior Court in that case discussed forfeiture under the then-existing Drug Act provision. However, the portion of the opinion vacating the forfeiture is not dependent upon the Drug Act. The Superior Court, in construing this very same rule of criminal procedure, specifically concluded that "the Commonwealth may not benefit from an order granting forfeiture where no petition for forfeiture has been presented to the court." *Pomerantz*, 393 Pa.Superior Ct. at 193, 573 A.2d at 1152.[8]

**6.** In this regard, this case is different from the several other cases involving Rule 324 which this Court has reviewed. For example, in *In re Kulbitsky*, 112 Pa. Commonwealth Ct. 477, 536 A.2d 458, *petition for allowance of appeal denied*, 520 Pa. 599, 552 A.2d 253 (1988), the District Attorney filed an *answer* to a Rule 324 motion which raised as *new matter a request that the property be forfeited* pursuant to the Drug Act. *Id.*

**7.** The trial court stated "This forfeiture would be under common law forfeiture?" and the Commonwealth responded "Yes, it would be a common law forfeiture, Your Honor." (N.T., October 14, 1992, pp. 5–6).

**8.** We note the possibility that a contrary reading of Pa.R.Crim.P. 324(b), which rule is not without ambiguity, would leave the rule itself open to due process attack. We also note more generally that due process and other constitutional protections have been emphasized in cases involv-

Moreover, we think the facts in the case before us are even more compelling than those in *Pomerantz*. For instance, the case before us does not involve a statutorily-authorized forfeiture, failure to prove ownership, contraband per se or the fruits of a criminal enterprise.

The trial judge in this case stated that Cox's delay in requesting a return of his property was relevant and might give the Commonwealth an equitable defense of laches. (N.T., October 14, 1992, p. 22). However, we think the delay in this case in fact operates in favor of Cox. Far from requesting a forfeiture, the Commonwealth in a signed document stated that it was finished with the car and authorized the release of the car.[9] It did not release the car, however, and, when Cox finally requested its return, the Commonwealth still did not formally request a forfeiture.

The Commonwealth stated at the hearings that it does not know the exact whereabouts of the car. (N.T., October 14, 1992, p. 7). The trial judge stated that "the conviction was in '89. . . . I don't even know if that car is still around." (N.T., October 14, 1992, p. 8). Without any forfeiture proceeding to speak of, these factors should not be weighed against Cox. Instead, we think these factors weigh against the Commonwealth.

We also emphasize that, despite a certain current popularity, forfeitures are not favored in the law and statutes authorizing forfeiture are to be strictly construed. *Commonwealth v. 502–504 Gordon Street*, 147 Pa.Commonwealth Ct. 330, 335, 607 A.2d 839, 842 (1992), *petition for allowance of appeal granted*, 533 Pa. 663, 625 A.2d 1195 (1993). Even assuming, *arguendo*, that common law forfeiture actions exist, the extreme caution with which the law regards statutory forfeiture would apply equally, if not more so, to such actions.

---

ing forfeiture actions. *See, e.g., United States v. James Daniel Good Real Property*, —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993).

**9.** Counsel for the Commonwealth stated at the hearings that the police detective involved did not have authority at the time to release the car. However, there is no evidence or argument supporting this statement.

Under the circumstances of this case, we conclude that it was incumbent upon the Commonwealth to return the lawfully owned car or to file some formal pleading asserting whatever right it believed it had to the car within a reasonable time after its statement that it was finished with the car and was authorizing its release. Because the Commonwealth failed to do either at any time, and in view of the fact that the car is neither contraband per se nor the fruit of a criminal enterprise, we conclude that both provisions of the trial court's order must be reversed.[10]

Accordingly, the trial court order is reversed and the case is remanded to the trial court so that it may enter an order granting Cox's petition for return of property.

## ORDER

AND NOW, this 2nd day of February, 1994, the order of the Court of Common Pleas of Philadelphia County, No. 91–916416, dated October 14, 1992, is hereby reversed and the case is remanded to the trial court so that it may enter an order granting appellant Richard Cox's petition for return of property.

Jurisdiction relinquished.

**10.** Cox also argues that he was denied the right to be present at the hearings, the right to a jury trial, the right to effective counsel and the right to counsel on appeal. Because we have already resolved this appeal in Cox's favor based on our preceding analysis, we need not address his remaining arguments.