649 A.2d 476

**Nicole C. RODGERS**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 9, 1994.

Decided Oct. 26, 1994.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellant.

Joseph R. Govi, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Westmoreland County (trial court), entered June 15, 1993, which sustained the statutory appeal of Nicole C. Rodgers from a ninety-day suspension of her operating privileges. Rodgers' license was suspended pursuant to Section 6310.4(a) of the Crimes Code, 18 Pa.C.S. § 6310.4(a) (restriction of operating privileges) as a

result of her conviction for a violation of Section 6308(a) of the Crimes Code, 18 Pa.C.S. § 6308(a) (underage drinking).

The question on appeal is whether the trial court erred in sustaining Rodgers' appeal on the grounds that Rodgers' was not informed that a conviction would result in the suspension of her operating privilege. Following the Pennsylvania Supreme Court's recent pronouncements on this issue, we reverse the order of the trial court.

On October 13, 1991, Rodgers was charged with violating 18 Pa.C.S. § 6308(a) by possessing or consuming alcoholic or brewed beverages while being less than twenty-one years of age.[1] Rodgers pleaded guilty and was convicted of that offense on January 14, 1992. In accordance with the mandatory provisions of 18 Pa.C.S. § 6310.4(a), the district magistrate certified Rodgers' conviction to the Department and entered an order directing the Department to suspend Rodgers' operating privileges.[2] By official notice dated September 25, 1992, the Department notified Rodgers that her operating privileges were to be suspended for ninety days.

Rodgers filed a statutory appeal from the notice of suspension with the trial court on October 14, 1992. At a *de novo* hearing, Rodgers specifically denied having been informed that her operating privileges would be suspended as a result of her guilty plea. The trial court sustained Rodgers' appeal, relying on *Duffey v. Department of Transportation, Bureau of Driver Licensing,* 147 Pa.Commonwealth Ct. 280, 607 A.2d 815 (1992) (*Duffey I*),[3] and *Peacock v. Department of Transportation,* 148 Pa.Commonwealth Ct. 264, 610 A.2d 1092 (1992)

---

1. 18 Pa.C.S. § 6308(a) provides in part: "A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages...."

2. 18 Pa.C.S. § 6310.4(a) provides in relevant part: "Whenever a person is convicted ... for a violation of section ... 6308 ... the court ... shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation."

3. *Duffey I* was reversed on appeal at 536 Pa. 436, 639 A.2d 1174 (1994) (*Duffey II*), *cert. denied,* — U.S. —, 115 S.Ct. 223, 130 L.Ed.2d 149. We note that the order of the trial court, dated June 15, 1993, was issued prior to the Supreme Court's decision in *Duffey II.*

*petition for allowance of appeal denied,* 535 Pa. 649, 633 A.2d 153 (1993).[4]

After the trial court sustained Rodgers' appeal, the Department filed a timely appeal to the Superior Court, following this Court's pronouncement in *Duffey I* that the Superior Court is the proper forum for appeals of underage drinking convictions. In accordance with the April 8, 1994 decision by the Supreme Court in *Duffey II,* the Superior Court transferred this matter to the Commonwealth Court.[5]

In *Duffey II,* the Supreme Court reversed our earlier decision and held that the loss of operating privileges mandated by 18 Pa.C.S. § 6310.4(a) is a civil collateral consequence of a conviction for underage drinking, not a criminal penalty. Thus, the court held, there is no requirement that a licensee know of this consequence at the time of her guilty plea. In fact, the court stated that "[a licensee's] loss of driving privileges is 'irrelevant to the determination of whether a guilty plea was entered voluntarily or knowingly.'" *Id.* 536 Pa. at 440, 639 A.2d at 1176 (quoting *Commonwealth v. Frometa,* 520 Pa. 552, 555, 555 A.2d 92, 93 (1989)).

4. Both *Duffey I* and *Peacock* are factually similar to the case before us. Ian Duffey appealed from an order of the Court of Common Pleas of Allegheny County dismissing his appeal of the suspension of his driver's license. Duffey was also charged with violating 18 Pa.C.S. § 6308(a) and also entered a guilty plea without being informed that a conviction would result in the suspension of his license pursuant to 18 Pa.C.S. § 6310.4(a).

On appeal, this court held in *Duffey I* that: (1) a license suspension imposed pursuant to 18 Pa.C.S. § 6310.4(a) was a direct criminal penalty for certain alcohol-related offenses; (2) in order for a guilty plea to be entered knowingly and voluntarily, all of the direct penalties must be explained to the defendant; and (3) accepting a guilty plea without first informing the defendant of the mandatory criminal penalty of license suspension violates the defendant's right to due process and invalidates the plea. Our subsequent decision in *Peacock* was based upon the reasoning set forth in *Duffey I.*

5. In *Duffey II,* the Supreme Court held that operating privilege suspensions imposed by the Department under 18 Pa.C.S. § 6310.4 are within the scope of 75 Pa.C.S. § 1550 (relating to statutory appeals) and are properly appealable to the Commonwealth Court under 42 Pa.C.S. § 762(a)(3) (relating to appeals from Commonwealth agencies).

After concluding that the suspension of operating privileges pursuant to 18 Pa.C.S. § 6310.4(a) is a collateral civil consequence of a criminal conviction, the Supreme Court further held that the validity of the underlying criminal conviction upon which the suspension is based may not be attacked in the civil license suspension proceeding. Therefore, "[w]hen a licensee becomes aware that he is going to lose his driving privilege as a consequence of paying a fine on a summary offense, his only remedy is to seek allowance of appeal *nunc pro tunc* from the summary conviction." *Duffey II*, 536 Pa. at 443, 639 A.2d at 1177.

Based on the controlling law as set forth in *Duffey II*, we reverse the order of the trial court and reinstate the ninety day suspension of operating privileges issued by the Department.

## ORDER

NOW, October 26, 1994, the order of the Court of Common Pleas of Westmoreland County, at No. 9052 of 1992, dated June 15, 1993, is reversed.