**COMMONWEALTH of Pennsylvania**

v.

**ONE 1990 DODGE RAM VAN.**

**David Garnett, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 7, 2000.

Decided May 16, 2000.

Scott D. Galloway, Media, for appellant.

Vram Nedurian, Jr., Media, for appellee.

Before DOYLE, President Judge, KELLEY, J., and NARICK, Senior Judge.

DOYLE, President Judge.

David Garnett appeals from an order of the Court of Common Pleas of Delaware County which ordered that his Dodge Ram van be confiscated and forfeited to the Commonwealth of Pennsylvania; that title to the vehicle be transferred to the District Attorney; and that the District Attorney's Office may either retain the vehicle for official use or sell it.

The factual and procedural history of this matter, as we have been able to glean from the parties' briefs, is as follows. On June 10, 1994, Garnett was convicted of kidnapping and murder in the first degree. The Commonwealth had proven in a jury trial that, on December 16, 1993, Garnett stabbed Dorothy Johnson in the Dodge Ram van. Garnett received a life sentence and, on September 14, 1995, the Superior Court affirmed the judgment of sentence. On August 13, 1997, the Common Pleas Court denied Garnett's request for post conviction relief under the Post Conviction Relief Act (Act).[1] On July 13, 1998, after its first such petition was dismissed without prejudice, the Commonwealth filed a second petition for forfeiture and condemnation of the Dodge Ram van. Garnett did not file an answer to that petition. The Superior Court thereafter affirmed the decision of the Common Pleas Court

---

1. Sections 9541–9546 of the Act, 42 Pa.C.S. §§ 9541–9546.

denying Garnett post conviction relief on September 2, 1998, and, according to the Commonwealth's brief, the Supreme Court eventually denied Garnett's petition for allowance of appeal of his sentence, which he had filed nunc pro tunc.

In the meantime, on September 22, 1998, the Common Pleas Court granted the Commonwealth's forfeiture petition, opining that Garnett had failed to produce any evidence at the forfeiture hearing, and ordered that the title for the van be transferred to the Delaware County District Attorney. Garnett appealed that order to the Superior Court, which transferred the matter to us.

Garnett now raises only one issue for our consideration, and asserts that the trial court erred in granting the Commonwealth's petition for forfeiture of his 1990 van.

 Garnett argues that no statutory basis exists to support the condemnation of his vehicle, and that the Common Pleas Court improperly tried to show a specific nexus between the van and his criminal acts. While we agree that the condemnation of his van is not expressly authorized by statute, obviously a specific nexus does exist between the van and Garnett's criminal activities which cannot be denied. Garnett admitted stabbing Dorothy Johnson in his van before he used it to discard her body; the van then became wedged in the mud when it slid over her body during Garnett's attempt to drive away. Because it was used in the perpetration of his unlawful acts, Garnett's Dodge Ram is derivative contraband subject to forfeiture. *See Commonwealth v. Crosby,* 390 Pa.Super. 140, 568 A.2d 233 (1990).[2]

While, admittedly, this Court, in *Commonwealth v. Cox,* 161 Pa.Cmwlth. 589, 637 A.2d 757 (1994), questioned the Superior Court's holding in *Crosby* that common law forfeitures exist, we held that the Commonwealth's attempt to obtain a forfeiture after Cox filed a motion for return of property[3] failed because the Commonwealth did not file a forfeiture petition or make an oral motion for forfeiture. We explained that "[t]he trial court in essence granted a forfeiture motion which did not exist." *Cox,* 637 A.2d at 759.

However, unlike the convicted defendants in *Cox* and *Crosby,* Garnett in this case did not file a motion for the return of his van. Moreover, he also failed to answer the Commonwealth's forfeiture petition filed on July 13, 1998. Although Garnett argues that the issue of forfeiture of the Dodge Ram was not cognizable where the Commonwealth filed its petition some four years after his conviction, he knew that his van had been seized in the course of the investigation into the murder and kidnapping of Dorothy Johnson, and that the van has been in Commonwealth custody ever since. Nevertheless, despite this passage of time, he made no attempt to seek the return of his van before the Commonwealth's attempt to condemn it in 1998.

---

**2.** In *Crosby,* the Superior Court held, *inter alia,* that the appellant's truck, used while he was driving under the influence, was forfeitable under the common law as derivative contraband, although the Court remanded the case for consideration of factors relevant to whether the truck should be forfeited.

**3.** Pa. R.Crim. P. 324. Rule 324 states as follows:

(a) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. Such motion shall be filed in the Court of Common Pleas for the judicial district in which the property was seized.

(b) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(c) A motion to suppress evidence under Rule 323 may be joined with a motion under this rule.

In *Commonwealth v. Setzer*, 258 Pa.Super. 236, 392 A.2d 772, 773 (1978), the appellant, almost two years after his conviction, filed an application for return of money confiscated from him at the time of his arrest. The Superior Court stated that Setzer's failure to raise the issue of the return of his property in either post-verdict motions following his conviction or at the time of his sentence constituted a waiver of the issue. The Superior Court further explained:

> Although Rule 324 does not provide at what point in time a motion for return of property is to be made, '[i]t is a fundamental doctrine in this jurisdiction that where an issue is cognizable in a given proceeding and is not raised it is waived and will not be considered on a review of that proceeding.' *Commonwealth v. Romberger*, 474 Pa. 190, 196, 378 A.2d 283, 286 (1977), citing cases.

We believe that Garnett has waived the issue of the return of his property by failing to raise it either in post-trial motions or at the time of his sentencing. Further, Garnett does not dispute that he never bothered to answer the Commonwealth's July 13, 1998 motion for forfeiture.

For all of the above reasons, we affirm the order of the common pleas court.

### ORDER

NOW, May 16, 2000, the Order of the Court of Common Pleas of Delaware County is hereby affirmed.