**[J-94-2017] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 32 MAP 2017 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 448 CD |
| | : | 2015, dated January 13, 2017, |
| v. | : | Reversing and Remanding the Order |
| | : | of the Adams County Court of |
| | : | Common Pleas at Nos. CP-01-CR- |
| JUSTEN IRLAND; SMITH AND WESSON | : | 224-2014 and CP-01-MD-25-2015 |
| 9MM SEMI-AUTOMATIC PISTOL, | : | dated March 9, 2015. |
| SERIAL # PDW0493, | : | |
| | : | ARGUED:  November 29, 2017 |
| Appellee | : | |

## DISSENTING OPINION

**JUSTICE MUNDY**                                    **DECIDED:  September 21, 2018**

The Majority disregards the jurisdictional rule established in *Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014), to grant Appellee, Justen Irland, relief on the merits of his motion for return of property.  Because there is no meaningful distinction between *Allen* and this case, I dissent.

The procedural history relevant to the trial court's jurisdiction over Irland's motion for return of property is as follows.  On November 7, 2013, police officers arrested Irland and seized a gun he displayed to another motorist in a road rage incident.  On August 25, 2014, Irland pled guilty to disorderly conduct as a summary offense, and the trial court sentenced him to a $200.00 fine plus costs.  Irland did not file a notice of appeal.

On December 10, 2014, Irland filed a motion seeking the return of his handgun, which is governed by Pennsylvania Rule of Criminal Procedure 588.[1] Irland filed the motion in his criminal case, docket number CP-01-CR-224-2014. On February 4, 2015, the Commonwealth filed a responsive motion for destruction of property, seeking forfeiture and destruction of Irland's gun based on common law forfeiture. The Commonwealth's motion was captioned "In re: Smith & Wesson 9MM Semi-Automatic Pistol, Serial # PDW0493," and the motion was filed on the criminal miscellaneous docket at number CP-01-MD-25-2015.

---

[1] Pennsylvania Rule of Criminal Procedure 588, governing motions for return of property, provides:

### Rule 588. Motion for Return of Property

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

> Comment: A motion for the return of property should not be confused with a motion for the suppression of evidence, governed by Rule 581. However, if the time and effect of a motion brought under the instant rule would be, in the view of the judge hearing the motion, substantially the same as a motion for suppression of evidence, the judge may dispose of the motion in accordance with Rule 581.

On March 9, 2015, the trial court entered an order in Irland's criminal case denying Irland's motion and granting the Commonwealth's motion for forfeiture and destruction of the handgun. Thereafter, on March 26, 2015, the trial court struck as moot the Commonwealth's motion for destruction on the miscellaneous docket, noting in its order "this matter has previously been addressed in CR-224-2014."

Based on *Allen*, I conclude the trial court lacked jurisdiction to address Irland's Rule 588 motion for return of property because he filed it more than 30 days after sentencing.[2] In *Allen*, this Court held that "a return [of property] motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." *Allen*, 107 A.3d at 717. As this Court has stated, "[t]ardy filings go to the jurisdiction of the tribunal to entertain a cause, and thus cannot be lightly dismissed. The establishment of jurisdiction is of equal importance to the establishment of a meritorious claim of relief. Jurisdiction is the predicate upon which consideration of the merits must rest." *Robinson v. Commonwealth, Pa. Bd. of Prob. & Parole*, 582 A.2d 857, 860 (Pa. 1990) (citations omitted). As such, parties cannot waive the issue of jurisdiction, and a court may raise it sua sponte. *Day v. Civil Serv. Comm'n of Borough of Carlisle*, 931 A.2d 646, 652 (Pa. 2007). While neither Irland nor the Commonwealth addresses the timeliness of Irland's motion or the trial court's jurisdiction, this does not preclude our review of the issue.[3] *See id.*; *Sch. Dist. of Borough of W. Homestead v. Allegheny County Bd. of Sch. Dirs.*, 269 A.2d 904, 906 (Pa. 1970) (noting this Court

---

[2] *See* Pennsylvania District Attorneys Association's (PDAA) Amicus Brief at 4 (calculating Irland filed his Rule 588 motion 107 days after the trial court sentenced him and 77 days after the trial court lost jurisdiction over the criminal matter).

[3] PDAA argues the trial court did not have jurisdiction to address Irland's untimely motion for return of property pursuant to *Allen*. PDAA's Amicus Brief at 4 n.1.

"cannot acquire jurisdiction to entertain an appeal either by the consent of the parties or by our own acquiescence, if such jurisdiction is not provided by law").

In *Allen*, the Commonwealth withdrew the charges against the appellee, but the appellee did not move for the return of his property until over seven years after the trial court disposed of his criminal case. *Allen*, 107 A.3d at 711. The Commonwealth moved to dismiss the appellee's Rule 588 motion for return of property, arguing the appellee waived his right to seek the return of his property because he did not file for return while the trial court retained jurisdiction over the criminal case. *Id.* at 712.

The trial court denied the appellee's motion, relying on *Commonwealth v. Setzer*, 392 A.2d 772 (Pa. Super. 1978), and *Commonwealth v. One 1990 Dodge Ram Van*, 751 A.2d 1235 (Pa. Cmwlth. 2000). On appeal, the Commonwealth Court affirmed the trial court on alternative grounds. *Id.* The Commonwealth Court held motions for return of property are subject to the residual six-year statute of limitations under 42 Pa.C.S. § 5227(b), which begins to run at the conclusion of criminal proceedings. *Id.* at 714. Applying the six-year statute of limitations, the Commonwealth Court concluded the appellee's motion for return was untimely because he filed it more than six years after his criminal case ended. *Id.*

This Court affirmed the Commonwealth Court's conclusion that the motion for return was untimely, but rejected a six-year statute of limitations for motions for return. *Id.* at 718. The *Allen* Court noted that Rule 588 does not address the issue of timeliness. *Id.* at 716. However, based on the language of Rule 588, this Court explained that "a criminal defendant has an opportunity to file a motion seeking the return of property while the charges against him are pending." *Id.*; *see also* Pa.R.Crim.P. 588(A) (providing "[a] person aggrieved by a search and seizure . . . may move for the return of property . . . in the court of common pleas for the judicial district in which the property was seized"). This

led us to conclude that "a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." *Allen*, 107 A.3d at 717 (citing 42 Pa.C.S. § 5505). Because the appellee did not file a return motion during the pendency of the criminal proceedings or while the trial court retained jurisdiction after the withdrawal of charges, the *Allen* Court concluded he waived any right to the return of property. *Id.*[4]

Further, this Court explained its conclusion was consistent with *Setzer* and *One 1990 Dodge Ram Van*. *Id.* This Court observed that in *Setzer*, the Superior Court held a return motion filed nearly two years after the trial court disposed of a criminal case was untimely and waived. *Id.* The *Setzer* Court explained that the issue of return was waived because it was not raised in the trial court during the pendency of the criminal proceeding. *Id.* As it was waived for purposes of direct appeal, it could not be revived two years later. *Id.* Similarly, in *One 1990 Dodge Ram Van*, the Commonwealth Court concluded that a claimant waived the issue of return by not raising it in the underlying criminal proceeding, either at the time of sentencing or in post-trial motions. *Id.* Accordingly, the *Allen* Court concluded "[the] [a]ppellee's failure to file a return motion during the pendency of the criminal charges against him or within thirty days following dismissal of the charges results in waiver, precluding review of his stand-alone return petition." *Id.* at 718.

Applying *Allen* to this case, I conclude the trial court did not have jurisdiction to address Irland's untimely motion for return of property. *Allen*'s rule is a jurisdictional requirement because *Allen* held the motion for return was waived as it was filed more than 30 days after the trial court lost jurisdiction. *Id.* at 717. Under *Allen*, Irland needed to move for the return of his handgun before the trial court lost jurisdiction over his criminal

---

[4] Thus, under *Allen*, timely filing of a Rule 588 motion is a jurisdictional prerequisite to consideration of the motion. For this reason, I disagree with the Majority's statement that "*Allen*'s reasoning was predicated specifically on waiver." Majority Op. at 11 n.9.

case. He failed to do so. On August 25, 2014, Irland pled guilty and the trial court sentenced him. Irland did not appeal, and the trial court lost jurisdiction when the 30-day appeal period expired on September 24, 2014. On December 10, 2014, Irland filed the motion for return of property, 77 days after the trial court lost jurisdiction. Accordingly, the trial court did not have jurisdiction to address Irland's untimely motion for return, and Irland waived his right to seek the return of the handgun under Rule 588. *See id.* at 718.

There is a procedural difference between this case and *Allen.* However, this difference does not offer a meaningful basis to distinguish *Allen's* controlling principle. Here, the Commonwealth filed a "motion for destruction of property" on a separate docket, in which the Commonwealth sought destruction and forfeiture of Irland's handgun. In *Allen*, the Commonwealth moved to dismiss the motion for return as untimely but did not move for destruction or forfeiture. This procedural difference does not obviate the rule in *Allen*.

First, "[j]urisdiction of subject matter can never attach nor be acquired by consent or waiver of the parties[.]" *McGinley v. Scott*, 164 A.2d 424, 428 (Pa. 1960); *see also Commonwealth ex rel. Ransom Twp. v. Mascheska*, 239 A.2d 386, 387 (Pa. 1968) (observing "[t]he parties, even by consent, cannot confer jurisdiction where such is in fact lacking"). Thus, once the trial court lost jurisdiction over Irland's underlying criminal case, the Commonwealth could not consent to the trial court's jurisdiction, or otherwise revive the trial court's jurisdiction, by filing a motion for destruction and forfeiture nor could it waive the lack of jurisdiction by failing to object to Irland's Rule 588 motion.

Second, by resolving both motions in a Rule 588 hearing, the trial court treated the Commonwealth's motion as responsive to Irland's return motion. Irland initiated the proceedings regarding the possession of the gun with the untimely return motion, at which point the trial court was without jurisdiction over Irland's criminal case, including his

motion. *See Allen*, 107 A.3d at 717. The Commonwealth's responsive motion did not commence a new proceeding or restore the trial court's jurisdiction.[5] *See Mascheska*, 239 A.2d at 387; *McGinley*, 164 A.2d at 428. Thus, the trial court lacked jurisdiction to address the merits of Irland's return motion even though the Commonwealth filed a substantive response to Irland's motion.

Third, I acknowledge *Allen* expressly limited its ruling to the facts of that case. *Allen*, 107 A.3d at 717 n.10. The *Allen* Court specified those facts were "where the property owner is the criminal defendant, and had an opportunity to move for the return of property during the thirty days following disposition of the charges, while the trial court had jurisdiction." *Id.* Those facts are exactly the same in this case: Irland, the handgun's owner, was the criminal defendant; and he had an opportunity to move for the return of the handgun during the 30 days following disposition of the charges while the trial court had jurisdiction. As explained above, the fact that the Commonwealth filed a responsive motion is not a meaningful distinction.[6] Therefore, I would apply *Allen* because it is indistinguishable from this case.

Additionally, it is preferable for this Court to consistently apply jurisdictional/timeliness rules to provide guidance to trial courts and practitioners. Even though the Majority ends the practice of common law forfeiture of derivative contraband, it does not eliminate the need for Rule 588 motions in other circumstances, such as

---

[5] The trial court dismissed as moot the Commonwealth's filing under a separate docket number.

[6] In *Allen*, the Commonwealth posited that if it filed a forfeiture petition in response to an untimely Rule 588 motion, it would be "waiving the defenses of untimeliness or waiver by claiming ownership of the subject property and asking the court to adjudicate the merits of its claim." *Allen*, 107 A.3d at 715 n.7. However, the *Allen* Court did not express an opinion on that position. *See id.* In my view, the Commonwealth's responsive petition cannot confer jurisdiction on the trial court after the trial court has lost jurisdiction over the criminal case.

statutory forfeiture and seizures pursuant to search warrants or arrest. Moreover, the issue of the validity of common law forfeiture will not evade our review. *See* The Institute of Justice's Amicus Brief at 21 (noting Philadelphia law enforcement utilizes common law forfeiture). Because Rule 588 proceedings will continue, I cannot endorse an ad hoc application of jurisdictional principles.[7]

Based on the foregoing, I would hold that the trial court did not have jurisdiction to consider Irland's motion for return of property. Further, because the trial court did not have jurisdiction, the Commonwealth Court did not acquire jurisdiction by virtue of an appeal. *See Pa. Nat'l Guard*, 437 A.2d at 496. Accordingly, I would vacate the orders of the trial court and the Commonwealth Court. *See Vale Chem. Co. v. Hartford Accident & Indem. Co.*, 516 A.2d 684, 688 (Pa. 1986).

---

[7] In making the trial court's jurisdiction contingent on the Commonwealth's response to an untimely Rule 588 motion, the Majority's approach leads to disparate results dependent not on the action of the defendant seeking return of property, but on the manner and nature of the Commonwealth's response. In cases where the Commonwealth merely objects to the untimeliness of the return motion, as occurred in *Allen*, the trial court does not have jurisdiction and the defendant is said to have waived the right to seek the return of the property. *See Allen*, 107 A.3d at 718. However, under the Majority's approach, when the Commonwealth files a substantive response to an untimely return motion, the trial court is deemed to have jurisdiction and the defendant not to have waived his right to request return of the property.

Further, the Majority does not resolve whether the trial court has jurisdiction when the Commonwealth does not respond at all to an untimely motion. Under the Majority's rule, the trial court would arguably lack jurisdiction because the Rule 588 motion was untimely and the Commonwealth did not take an action renewing the trial court's jurisdiction. Thus, resolving the jurisdictional question on whether and how the Commonwealth responds to a Rule 588 motion is a problematic result of the Majority's approach.